UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID DANIELS,

    Petitioner,

v.                                                  Case No. 5:22-cv-119-MCR-MJF

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

    This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation dated February 27, 2023. ECF No. 13. The parties were furnished a copy of the Report and Recommendation and were afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has made a *de novo* determination of those portions to which an objection was made.

    Briefly stated, the Court overrules Petitioner's objections as follows. The Court agrees with the Magistrate Judge that the Petitioner's ineffective assistance of trial counsel claim raised in this habeas petition—that trial counsel was ineffective in failing to advise him to testify and to pursue a defense of involuntary intoxication

resulting in insanity from unknowingly ingesting Spice—is based on facts that he was aware of and could have raised in state court. Moreover, despite Petitioner's assertion that the claim could not have been raised because counsel was not appointed until after the time had run for adding new postconviction claims, the Court agrees with the Magistrate Judge that this claim is sufficiently related to the ineffective assistance claims he did raise in Grounds One and Two of the state court Rule 3.850 postconviction motion that an amendment could have been deemed timely, as a mere enlargement of those claims.[1]

And, even assuming postconviction counsel could have attempted to amend the motion to raise this claim, Petitioner has failed to establish cause and prejudice to excuse this default. *See Martinez v. Ryan*, 566 U.S. 1 (2012) (requiring a "substantial" ineffective assistance claim to excuse postconviction counsel's default, "which is to say that the prisoner must demonstrate that the claim has some merit."). Petitioner did not even argue in his habeas petition that postconviction counsel was

---

[1] Specifically, in Ground One of his Rule 3.850 motion, Petitioner argued that trial counsel was ineffective in failing to obtain expert testimony about Spice and its effects in causing hallucinations, and in Ground Two, he asserted trial counsel was ineffective for erroneously advising him that his testimony was not necessary. He said he would have testified that someone told him to be careful because, "the stick I had just hit was Spice," and he would have testified that it had an immediate effect on him. Ex. J. The involuntary intoxication insanity defense he now argues is similarly premised on his ingestion of Spice and counsel's advice to him not to testify.

ineffective, and in any event, a claim that trial counsel was ineffective for not advising Petitioner to testify regarding a defense of involuntary ingestion resulting in insanity cannot be considered substantial or meritorious under *Martinez* on this record. As explained more thoroughly by the Magistrate Judge, the involuntary ingestion defense under Florida law requires clear and convincing evidence that the Petitioner both unknowingly ingested the substance and the ingestion caused him to not know what he was doing, and the record of this case in no way substantiates these elements.

Having considered the Report and Recommendation and the timely filed objections, the Court concludes that the Report and Recommendation should be adopted in all respects.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation, ECF No. 13, is adopted and incorporated by reference in this Order.

2. The petition for writ of habeas corpus, ECF No. 1, challenging the judgment of conviction and sentence in *State of Florida v. David Jamichael Daniels, a/k/a "Boosie,"* Bay County Circuit Court Case No. 2015-CF-1271, is **DENIED**.

3. A certificate of appealability is **DENIED**.

4.   The Clerk of Court is directed to close the file.

**DONE AND ORDERED** this 5th day of October 2023.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**